Christopher P. Koback, OSB  No. 913408
chris@hathawaylarson.com
HATHAWAY LARSON LLP
1331 NW Lovejoy Street, Ste. 950
Portland, OR   97209-3280
Telephone:  (503) 303-3107
Facsimile:  (503) 205-8406
        *Of Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **PACIFIC REALTY ASSOCIATES, L.P**., a Delaware limited partnership, and **M&T PARTNERS, INC.**, a Delaware corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>**CITY OF SALEM,** an Oregon municipal corporation,<br><br>       Defendant. | Civil Case No.<br><br>**COMPLAINT (Takings; Declaratory Relief; Equitable Restitution)**<br><br>**JURY DEMAND** |

1    Plaintiff Pacific Realty Associates, L.P., a Delaware limited partnership (as to all claims)

2    and Plaintiff M&T Partners, Inc., a Delaware Corporation (as to the Second, Third and Fourth

3    Claims for Relief only) allege the following:

4                                                    **Introduction**

5    This is a challenge to the City of Salem's after the fact changing of the rules in order to

6    stop an already-permitted and vested development from being completed, notwithstanding that

7    the development was the *only* use that the City allowed on a majority of the property; that the

**COMPLAINT**
Page 1

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1    City concedes that Plaintiffs' development rights for the whole property have vested and even

2    though the City has accepted millions of dollars and land from Plaintiffs pretending that the City

3    was committed to allowing Plaintiffs to pursue their vested development rights.

4                                          **Parties**

5         1.    Pacific Realty Associates, L.P., ("PacTrust") is a Delaware limited partnership.

6    PacTrust is the owner of property located in Marion County at 2500 Block Boone Road also

7    identified with reference to the tax map as Marion County Assessor's Map Number T8S R3W S12

8    Quarter Section C, Tax Lots 1800, 1900, 2000 and 2100.  Its primary place of business is located

9    at 15350 SW Sequoia Parkway # 300, Portland, Oregon 97224.

10        2.    M&T Partners, Inc. ("M&T") is a Delaware corporation and owns property located

11   in Marion County at 2500 Block Boone Road, also identified as T8S R3W S11, Quarter Section

12   D, Tax Lots 2400, 2500, 2600, 2700, 2800 and 2900.  M&T is affiliated with PacTrust, which

13   owns 99.97 percent of M&T.

14        3.    Defendant City of Salem ("City") is an Oregon municipal corporation, with its

15   offices located at 555 Liberty St SE, Salem, Oregon 97301.

16                                  **Jurisdiction and Venue**

17        4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, to

18   adjudicate plaintiffs' claims herein arising under the Constitution and laws of the United States.

19   Pursuant to 28 U.S.C. §1367(a), this court has supplemental jurisdiction over plaintiffs' state law

20   claims because they arise from the same nucleus of operative facts as plaintiffs' federal claims.

21        5.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 because defendant City

22   of Salem maintains its principle office and effectively resides in this judicial district.  In addition,

23   the property that is the subject of plaintiffs' claims is located within this judicial district.

**COMPLAINT**
Page 2

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1          **Allegations Common to All Claims**

2          6.      PacTrust is a preeminent commercial real estate development firm headquartered

3    in Portland, Oregon.  It has a 47-year history of successfully acquiring vacant land and existing

4    operating assets, obtaining land use entitlements and developing qualifying projects for various

5    uses with the objective to provide long term, attractive returns for its investors and shareholders.

6    When it acquires vacant land, PacTrust invests the resources and financial capital to obtain the

7    appropriate zoning and entitlements to develop the property when market conditions are

8    appropriate, and then manages and leases the property to end users.

9          7.      In 2005, PacTrust acquired approximately 18.4 acres (hereinafter 18.4 acres) of

10   property at 2500 Block Boone Road with the plan of developing it with a commercial retail

11   shopping center.  PacTrust planned to develop the 18.4 acres along with an abutting approximately

12   10-acre parcel (hereinafter 10 acres) that, at the time, was owned by the Salem Clinic, to establish

13   a coordinated and unified retail shopping center.  The 18.4 acres PacTrust acquired was designated

14   in the City's comprehensive plan as "Developing Residential" and zoned "Residential

15   Agricultural."  Consequently, to proceed with its planned project, PacTrust had to apply to the City

16   for Comprehensive Plan Amendment ("Comp Plan Amendment") and Zone Change.  The 10 acres

17   owned by the Salem Clinic was "Commercial Office" and "Residential Agricultural," and was

18   subsequently rezoned in 2009 to a combination of Commercial Office and Commercial Retail to

19   accommodate the coordinated and unified retail shopping center that PacTrust planned to develop.

20   On June 2, 2006, PacTrust filed its Comp Plan Amendment and Zone Change request to change

21   the Comprehensive Plan designation of its 18.4 acres to Commercial, and to change the zoning

22   designation of that property to Commercial Retail.  As part of its requests, PacTrust provided

23   details of the overall planned project, which included not only the 240,000 square foot retail

24   shopping center on its 18.4 acres, but the entire coordinated and unified development consisting

**COMPLAINT**

Page 3

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1    of 299,000 square feet of Gross Leasable Area ("GLA") that included the adjacent 10 acres.

2    PacTrust's application in this regard is referred to herein as "2006 Application."

3        8.    The standards and regulations relevant to PacTrust's Comp Plan Amendment and

4    Zone Change in its 2006 Application request required PacTrust to identify and mitigate

5    transportation related impacts not only of its proposed development of the 18.4 acres, but also its

6    conceptual development of the 10 acres and also prove that, at the end of a period of 20 years, the

7    affected area transportation system would not be any worse off than it would be if the proposed

8    shopping center on the total approximately 28.4 acres (hereinafter 28.4 acres) were not developed.

9    This required mitigation for "background" growth traffic that had nothing to do with plaintiff's

10    development of either the 18.4 acres or the 10-acre property.    The applicable standards also

11    required PacTrust to design and install stormwater detention and drainage systems on its property.

12        9.    In February 2007, the City's Planning Commission recommended approval of

13    PacTrust's 2006 Application.    City Council reviewed PacTrust's 2006 Application in a public

14    process that began in February 2007, and concluded in December 2007, when the City Council

15    issued a written decision approving the 2006 Application with conditions (the "2007 Decision").

16    In July 2007, while its 2006 Application was pending before Council, PacTrust acquired the

17    adjacent 10-acre parcel consistent with its plan to develop a coordinated and unified retail shopping

18    center.    Thus, when Council deliberated and decided PacTrust's application, PacTrust owned the

19    entire 28.4 acres.    When referred to together, PacTrust's 18.4-acre parcel and the adjacent 10 acre

20    parcel are referred to as the "Subject Property."

21        10.    One of the applicable standards for the 2006 Application required PacTrust to

22    demonstrate that its proposal would result in a "community shopping center" as opposed to a

23    "regional" shopping center.    At the time, the City code did not contain any definition of a

24    "community shopping center."    In its deliberations and findings, Council squarely considered and

**COMPLAINT**

Page 4

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1  decided how the City defined a community shopping center.  It found that a community shopping

2  center is defined only by the size of the proposed development measured in the number of square

3  feet of gross leasable area ("GLA").  The City Council  concluded that a community shopping

4  center is one that is less than 300,000 square feet of GLA, which is consistent with a prior City

5  resolution identified as "Resolution 87-136."

6      11.    City Council specifically evaluated whether PacTrust's proposed development

7  could be defined as a regional shopping center, concluding that it could not be so characterized.

8  Council found that under its Resolution 87-136, the City defined a regional center to include,

9  among other things, a development composed of 300,000 square feet or more of GLA.  Council

10  expressly found: "[T]he Applicant's (PacTrust) proposal is for less than 300,000 square feet of

11  GLA, and therefore, is not a regional and employment center."

12      12.    City Council specifically considered and rejected the position that the City defines

13  a community shopping center based upon the nature or identity of particular stores, but rather

14  decided that a community shopping center is defined by only the number of square feet of GLA.

15  As part of its request, PacTrust had to demonstrate that there were no other properties in the

16  "vicinity" already zoned to permit a community shopping center.  In addressing how to define the

17  "vicinity" within which the applicant had to evaluate other potential properties for a community

18  shopping center, the Council rejected the idea that the "vicinity" had anything to do with particular

19  stores or store market areas, stating:  "[H]ere, the applicant's proposed use is not particular stores,

20  but rather community shopping and service facility in which it has tenants.  The record establishes

21  that a market area for particular stores changes depending on the type of store, and a market area

22  can be larger or smaller based upon the particular tenant stores in a shopping center."

23      13.    City Council also expressly rejected the notion that a community shopping center

24  is one that only serves those persons within the "area to be served," stating: "[S]imilarly, no

**COMPLAINT**
Page 5

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1   standard requires that community shopping centers serve those in an 'area to be served.'  Such a

2   requirement would be unreasonable and impossible to enforce.  Council declines to impose such a

3   restriction."

4       14.     In the 2007 Decision, the City Council also decided: "In the alternative only,

5   Council finds based on the evidence in the record that it does not matter how vicinity is defined

6   for purposes of this minor plan change, as there is a lack of appropriately designated suitable

7   alternative sites for the proposed use within the City or even the southeastern part of the UGB * *

8   *"

9       15.     In the 2007 Decision, the City considered the existence of any significant natural

10  features on PacTrust's 18.4 acres that might be impacted by the shopping center that PacTrust

11  proposed to develop.  The City understood that development of a community shopping center of

12  the size approved and conditioned in the 2007 Decision required the removal of trees, including

13  "significant" trees located in the southern portion of PacTrust's 18.4-acre parcel near Boone Road.

14  As part of its application and during the May 7, 2007 City Council meeting, PacTrust provided a

15  conceptual diagram that depicted how the community shopping center would be developed and it

16  depicted a building area that included the area where the "significant" trees are located.  PacTrust

17  also provided another plan in the 2007 City proceedings concerning the 2006 Application which

18  depicted a retail store wall and landscaping in the location of the "significant" trees that was

19  designed to buffer the shopping center from an adjacent residential neighborhood.  With that

20  information, Council found: "There are no identified significant natural resources on site.

21  Development of vacant urban land is expected."

22      16.     Based upon its express findings, and particularly its definition of a community

23  shopping center, City Council approved PacTrust's 2006 Application for the requested

24  amendments imposing, among other things, a condition that limited development of the 18.4 acres

**COMPLAINT**

Page 6

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1    consistent with its definition of a community shopping center.  "The subject 18.4-acre property

2    shall be developed with a retail shopping center.  The maximum amount of gross leasable area

3    (GLA) for the shopping center on the subject property shall be 240,000 GLA.  If the subject

4    property is developed in conjunction with the abutting approximate 10-acre property (for

5    simplicity referred to as a 10.0-acre property) currently owned by Salem Clinic *** the total

6    amount of retail GLA and medical/dental offices on the two properties shall not exceed 299,000

7    GLA.  As such, the total GLA for the shopping center and offices on the combined properties if

8    developed together, shall not exceed 299,000 GLA."  The City did not condition its approval on

9    any limitation or restriction on the nature or identity of any future stores within the community

10    shopping center.  However, PacTrust agreed to exclude Walmart and an outlet mall as stores in the

11    proposed shopping center.

12        17.    The City imposed other conditions on its approval of PacTrust's application

13    including conditions that required PacTrust to complete specific off-site improvements to the

14    City's transportation infrastructure. One required improvement was to widen 1,300 feet of Kuebler

15    Blvd to mitigate for impacts generated by the approved 299,000 square foot community shopping

16    and service center.  The conditions did not require PacTrust to complete all of the off-site

17    improvements until the time of development. PacTrust accepted the conditions based on the City's

18    2007 Decision that authorized its community shopping center and medical offices with up to

19    299,000 square feet of GLA and did not restrict in any manner the nature of future stores within

20    the development.  All parties understood that an approval to develop substantially less than

21    240,000 square feet on PacTrust's 18.4 acres and a total of 299,000 on the combined properties

22    would not justify the significant financial obligations that the City imposed as conditions in the

23    2007 Decision on PacTrust for the off-site improvements.

**COMPLAINT**

Page 7

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

18.     On October 27, 2009, the City approved the request to change the zoning of the 10-acre parcel to a combination of "Commercial Retail" and "Commercial Office." Approximately 3.9 acres located in the south portion of the property was rezoned "Commercial Office" and the remaining acreage to the north along Kuebler Rd, a "Parkway" street was rezoned "Commercial Retail". In 2011, PacTrust conveyed approximately 7.49 acres (hereinafter 7.49 acres) of the 10-acre parcel to M&T Partners, of which PacTrust owns 99.97%.

19.     PacTrust and M&T were unable to pursue any development on the Subject Property before 2012 because of the downturn in the economy and the major crash in the real estate market associated with the "Great Recession." However, beginning in 2012, PacTrust and M&T, with the City's knowledge and approval, began work developing the Subject Property. The initial phase of the development took place on the "Commercial Office" portion of the 7.49 acres that M&T acquired from PacTrust in 2011 and involved the construction of the Salem Clinic medical building and a separate medical/office building.

20.     On September 7, 2012 the City Planning Administrator approved the Site Plan Review applications submitted by M&T related to its proposal to develop the Salem Clinic medical building and separate medical/office building on a portion of M&T 's 7.49 acres. The Planning Administrator acknowledged that M&T's application was on behalf of M&T and PacTrust and treated M&T's proposed development as Phase I of a larger two-phased development on the Subject Property, Phase II being the community retail shopping center component. As such, the 2012 Decision addressed all of the public transportation facility improvements required to mitigate impacts from the coordinated and unified 299,000 square foot community shopping center and medical offices, requiring that some be completed as part of Phase I and allowing others to be deferred to Phase II. After the above approval, PacTrust and M&T undertook the initial

**COMPLAINT**
Page 8

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone: 503-303-3101
Facsimile: 503-205-8406
Email: chris@hathawaylarson.com

1   development work that involved the Salem Clinic building and separate medical/office building

2   (Phase I).

3        21.    Either before or contemporaneous with the commencement of that work, M&T and

4   the City entered into an Improvement Deferral Agreement pursuant to which the City agreed to

5   allow PacTrust and M&T to develop the Salem Clinic medical building and separate

6   medical/office building while deferring a significant amount of the off-site public improvement

7   work required by the 2007 Decision.  The deferral agreement recognized that without developing

8   the entire shopping center as approved in the 2007 Decision, the economics of the Phase I

9   development would not allow any applicant the ability to complete all of the City required public

10   improvements.

11        22.    In 2012, as part of the initial phase of the development, and in reliance upon the

12   2007 Decision, PacTrust and M&T spent $789,990 for mass grading to prepare the Subject

13   Property for the medical/office buildings (Phase I) and the future shopping center development

14   (Phase II).  In 2013, PacTrust and M&T expended $3,370,960 completing the shell of the Salem

15   Clinic medical building and another $1,657,956 completing tenant improvements in that building.

16   PacTrust and M&T then expended $2,066,320 constructing the shell of the separate medical/office

17   building and another $615,392 on tenant improvements in that building.  Finally, in 2013, to

18   facilitate future development of the larger project (Phase II), PacTrust, with a Department of State

19   Lands (DSL) permit, completed work to fill wetlands and completed required mitigation for that

20   action.  That work cost $558,952.

21        23.    As part of the Phase I development, and pursuant to the 2012 Site Plan Review

22   approval, PacTrust and M&T expended $660,690 completing some of the off-site public

23   improvements set forth in the 2007 Decision, that were also included in conditions of approval in

24   2012.

**COMPLAINT**
Page 9

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

24.    In 2014, the City approached PacTrust and M&T about cooperating in a joint effort to complete major improvements on Kuebler Blvd., which had been deferred as part of the Improvement Deferral Agreement.  The City expressed that in addition to improvements required under the 2007 Decision, identified as "Owner Improvements," the City planned to complete other improvements identified as "Qualified Improvements."  The City desired to complete all of the improvements before PacTrust was obligated to complete the Owner Improvements because by doing so it could maximize public funding for those improvements.

25.    On January 2, 2015, the City on the one hand and PacTrust and M&T (identified collectively as "Owner"), on the other hand entered into an Improvement Agreement related to Kuebler Blvd. improvements.  The agreement recognized that the City was proceeding with the Qualified Improvements and would also complete the Owner Improvements before they were due under the Improvement Deferral Agreement.  PacTrust and M&T agreed to pay the City $3,000,000 toward the Kuebler Blvd. improvements to allow the City to proceed with the City Improvements and the Owner Improvements at a time that was most advantageous to the City for funding the City Improvements.  The agreement provided that PacTrust and M&T's $3,000,000 payment was in satisfaction of the conditions of approval in the 2007 Decision related to the off-site improvements to Kuebler Blvd. and PacTrust's obligations under the Improvement Deferral Agreement.  Pursuant to the 2015 Improvement Agreement, PacTrust on its own behalf and on behalf of M&T, executed and delivered to the City a promissory note in the amount of $3,000,000, which was payable no later than November 2015.  Under the Improvement Deferral Agreement, PacTrust and M&T agreed to coordinate the design of the Owner Improvements with the City Improvements.  The agreement further provided that when PacTrust and M&T completed the community shopping center development (Phase II), they would, under certain conditions, qualify for SDC credits in the amount of $2,000,000.

**COMPLAINT**

Page 10

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1    26.    On or before November 1, 2015 PacTrust paid to the City the $3,000,000 due under

2    the promissory note.  In November 2016, the City completed the Kuebler Blvd. improvements.

3    Upon receiving that payment, the City issued to PacTrust a certificate of partial satisfaction on the

4    Improvement Deferral Agreement ("2015 Certificate of Partial Satisfaction").  PacTrust also

5    expended an additional $542,606 on public improvements including waterline improvements in

6    Kuebler Blvd. and on designing other roadway improvements required by the City's conditions.

7    To date, per the conditions in the 2007 Decision as required by the City to mitigate impacts

8    generated by the approved 299,000 square foot development, PacTrust and M&T have dedicated

9    land and collectively undertaken off-site improvements (or paid money to complete them) in the

10    amount of $5,632,239.

11    27.    In June 2010, in furtherance of the development rights conferred in the 2007

12    Decision and to facilitate an appropriate layout for the community shopping center, PacTrust, with

13    City approval, adjusted the 18.4 acres parcel to approximately 21 acres (hereinafter 21 acres), by

14    adjusting the boundary line between the adjacent 10 acres, increasing the 18.4 acre parcel by 2.58

15    acres.  That left approximately 7.4 acres (hereinafter 7.4 acres) of the former 10 acre parcel

16    remaining, consisting of a combination of "Commercial Retail" and "Commercial Office" zoned

17    property on Kuebler Rd., and adjacent to the adjusted 21 acres parcel.  The northerly portion of

18    the remaining 7.4 acres, consisting of approximately 3.4 acres (hereinafter 3.4 acres), was zoned

19    Commercial Retail.  In June 2018, Westech Engineering, on behalf of PacTrust and M&T,

20    submitted to the City of Salem Planning Division an application for a Class 3 Site Plan Review

21    and Class 2 Driveway Approach permit for the construction of the community shopping center

22    that was approved in the 2007 Decision.  The Site Plan Review Application was entirely consistent

23    with the 2007 Decision and the conceptual diagram of an anticipated shopping center layout

24    presented for the 2007 Decision, as well as the drawing depicting the wall of a large retail building

**COMPLAINT**

Page 11

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1    and landscaping presented for the 2007 Decision.  The Site Plan Review Application reflected a
2    community shopping center with 174,650 square feet of GLA on the 21-acre adjusted parcel and
3    additional 14,900 square feet of retail pads on 3.4 acres adjacent thereto for a total of 189,550
4    square feet of GLA on the approximately 23.4 acres (hereinafter 23.4 acres) that was zoned
5    Commercial Retail.  PacTrust and M&T's Site Plan Review Application identified Costco as the
6    anchor retail store in the proposed community shopping center.

7        28.    On October 23, 2018, the Planning Administrator issued a decision approving
8    PacTrust/M&T's Site Plan Review Application.  The Planning Administrator's approval imposed
9    17 conditions including a condition that all remaining unsatisfied conditions of approval from the
10   2007 Decision, as set forth in the 2015 Certificate of Partial Satisfaction, be completed prior to
11   final occupancy of the proposed community shopping center development (Phase II).

12       29.    On November 7, 2018, parties to the City proceedings filed two appeals of the
13   Planning Administrator's decision.  On November 13, 2018 City Council voted to assume
14   jurisdiction over the appeals and to review the Planning Administrator's decision.

15       30.    On December 10, 2018, the City Council denied PacTrust/M&T's Site Plan Review
16   Application (2018 Decision) for two stated reasons.  First, even though the 2007 Decision placed
17   no limitation or restriction on the nature or identity of the particular stores that could be established
18   in the approved community shopping center, Council recited that the inclusion of a Costco
19   rendered the development a regional facility and not a community shopping center. Second,
20   Council found that PacTrust/M&T's proposal called for the removal of "significant" trees on the
21   Subject Property near Boone Road SE, and PacTrust/M&T did not demonstrate that removal of
22   significant trees is "necessary".  The 2018 Decision did not address the driveway approach permit
23   application because City Council denied the site plan review.

**COMPLAINT**

Page 12

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

31.     City Council's first basis for denial is directly inconsistent with Council's finding in the 2007 Decision that PacTrust/M&T's proposal was for a community shopping center because it was less than 299,000 sq. ft. and that the identity of any particular store was not relevant to the definition of a community shopping center.  Council's second basis for denial was also inconsistent with its approval in the 2007 Decision.  In that decision, with full knowledge that the community shopping center would have a large building sited along the portion of the Subject Property near Boone Rd SE where the trees are located, Council found that there were no significant resources on the Subject Property that limited the proposed community shopping center development.  It referred to the Subject Property as vacant urban land. Moreover, in Condition 12 to the 2007 Decision, the Council required PacTrust to install a "brick or masonry wall" "along the interior line of the landscaped setback along Boone Rd. SE and 27th Avenue SE, opposite residential uses," which is where the significant trees are located.

32.     PacTrust exhausted all local proceedings that it is required to have pursued prior to initiating this action.  The City's 2018 decision denying its Site Plan Review Application was the City's final decision and there are no further local proceedings available to PacTrust.  In addition, PacTrust is not required to seek any variance under the City's tree code because the City, in its 2007 Decision, determined that it was necessary to remove the subject trees to construct the 240,000 square foot community shopping center that City Council approved, based upon conceptual drawings that depicted that development where the subject trees are located.  Moreover, it would be futile to seek approval of a tree variance because the Council decided it was not "necessary" to remove the trees in the 2018 Site Plan Denial Decision and the perquisite standard for a tree variance is that it is "reasonably necessary" to remove the trees.  Finally, the City confirmed its decision that PacTrust was not required to seek a tree variance in its pre-application notes for PacTrust's Site Plan Review Application wherein the City identified all of the applicable

**COMPLAINT**

Page 13

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1    standards to PacTrust's application and specifically omitted any requirement for a tree variance

2    application or request.  In fact, until the 2018 Decision, the City had consistently interpreted its

3    code to authorize the removal of "significant" trees for a commercial or industrial development in

4    the situation presented in the 2018 Site Plan Review application.

5                                       **FIRST CLAIM FOR RELIEF**
6    **(Taking/inverse condemnation under U.S.C. 42 § 1983, Fifth and Fourteenth Amendment**
7                                  **to United States Constitution)**

8            33.    Plaintiffs, PacTrust and M&T reallege and incorporate by reference paragraphs 1

9    through 32, as though alleged in this paragraph.

10           34.    Plaintiffs PacTrust and M&T bring a claim for violation of rights under 42 USC §

11   1983.

12           35.    At all times, the City acted under color of law and is a person as that term is used

13   in 42 USC § 1983.

14           36.    The 5th Amendment to the United States Constitution guarantees that a person's

15   property will not be taken by the government for a public purpose without the payment of just

16   compensation.   The guarantee in the 5th Amendment applies to the City through the 14th

17   Amendment to the United States Constitution.

18           37.    Under 42 USC § 1983, a person who deprives a citizen of any right secured by the

19   Constitution is liable for damages.

20           38.    As alleged in detail below in Counts I, II, III and IV of this First Claim for Relief,

21   acting under color of law, the City deprived PacTrust and M&T of property rights secured by the

22   5th and 14th Amendments to the United States Constitution.

23

**COMPLAINT**

Page 14

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1

2                          **COUNT I (PacTrust)**

3        39.      Plaintiffs, PacTrust and M&T reallege and incorporate by reference paragraphs 1

4    through 38, as though alleged in this paragraph

5        40.      The 2007 Decision, along with actions PacTrust took and expenditures it made in

6    good faith reliance on that decision, bestowed upon PacTrust legitimate claim of entitlement to a

7    vested right under state law, to develop on the 18.4 acre parcel a community shopping center with

8    up to 240,000 square feet of GLA on the 18.4 acre parcel and with no restrictions on the specific

9    nature of any particular store.  PacTrust's vested right allows it to continue to develop its 18.4 acre

10   property with a shopping center of up to 240,000 sq. ft. regardless of changes in law or changes in

11   the interpretation of law.

12       41.      The City conceded in state land use proceedings before Oregon's Land Use Board

13   of Appeals that PacTrust has vested development rights under the 2007 Decision.

14       42.      PacTrust's vested development right that the City acknowledges is a property right

15   under the United States Constitution.

16       43.      In 2018, the City redefined the term community shopping center to preclude

17   PacTrust from developing its 18.4-acre parcel under its vested property right.  The City newly

18   inserted into the definition of a community shopping center a restriction on the type of store not

19   being one the City viewed as a regional store, even though in 2007, the City specifically held that

20   PacTrust's vested development right had no limitation or restriction on the particular stores that

21   would occupy the approved development.  It defined a community shopping center based

22   exclusively on the number of square feet included in the development.

23       44.      Furthermore, in the 2007 Decision, the City understood that to effectuate PacTrust's

24   vested development right, and develop a community shopping center with up to 240,000 square

**COMPLAINT**
Page 15

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1    feet of GLA on the 18.4 acre parcel, it was necessary to remove the trees located in the portion of

2    that parcel near Boone Road SE.  That finding was consistent with the City's long-standing

3    interpretation of its code that allowed applicants to remove trees when it was necessary to develop

4    the commercial development that the applicant proposed.

5         45.    In 2018, the City Council applied a new interpretation of the City's code to prevent

6    PacTrust from developing under its vested development rights requiring PacTrust to demonstrate

7    that removing the trees is "necessary" for any commercial development of any size.  When the

8    City adopted that new interpretation, it knew that PacTrust had a vested development right to

9    develop its 18.4 acre parcel with a community shopping center with up to 240,000 square feet of

10   GLA and that its new interpretation would preclude PacTrust from developing it property

11   consistent with its vested property right.

12        46.    As a result of the City's actions, the City deprived PacTrust of making any

13   beneficial economic use of its property to which it is entitled under its vested property right that

14   the City concedes exists.  Thus, the City has taken PacTrust's vested property right on the 18.4-

15   acre parcel without compensation.

16        47.    Pursuant to 42 USC §1988, PacTrust is entitled to recover its litigation costs and

17   attorney fees incurred herein.

18                         **COUNT II (PacTrust and M&T)**

19        48.    Plaintiffs, PacTrust and M&T reallege and incorporate by reference paragraphs 1

20   through 47, as though alleged in this paragraph.

21        49.    PacTrust and M&T also have a vested property right under the 2007 Decision to

22   develop a community shopping center on the 23.4 acres that is zoned "Commercial Retail".  In its

23   2007 Decision, under which the City acknowledged PacTrust/M&T have vested development

24   rights, PacTrust/M&T have the right to develop a coordinated and unified retail shopping center

25   on both the 18.4-acre parcel and the adjacent 10 acres parcel with up to 299,000 square feet of

**COMPLAINT**
Page 16

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1    GLA.  As alleged above, in reliance on the City's 2007 Decision, PacTrust/M&T took actions and

2    made significant expenditures to vest its development rights to complete the retail shopping center.

3    PacTrust/M&Ts' vested development right entitles it to develop the entire shopping center

4    including the 23.4-acre "Commercial Retail" zoned portion of the 28 acres.

5         50.    PacTrust/M &T have a vested development right and property interest that allows

6    them to complete the development of a community shopping center as proposed on the 23.4-acre

7    "Commercial Retail" zoned portion of the 28 acres.

8         51.    As alleged above in paragraphs 1 through 47, the City's actions in redefining the

9    allowed community shopping center and applying a new interpretation of its tree code, eliminated

10   any possibility of PacTrust/M&T making beneficial economic use of its vested development rights

11   on the "Commercial Retail" zoned portion of the combined property.  Thus, the City has taken

12   PactTrust and M&T's vested property right without compensation.

13        52.    Pursuant to 42 USC §1988, PacTrust/M&T are entitled to recover their litigation

14   costs and attorney fees incurred herein.

15                          **COUNT III (PacTrust)**

16        53.    Plaintiff, PacTrust, realleges and incorporates by reference paragraphs 1 through

17   52, as though alleged in this paragraph.

18        54.    PacTrust has a property right in the 18.4-acre parcel separate from its property right

19   in the vested development right.  The City's imposition of the new regulations in 2018, so limits

20   the development potential of the PacTrust property that PacTrust cannot establish any

21   economically beneficial use of that property that the specific condition in the 2007 Decision limits

22   the property to.  By restricting the nature of the particular stores and requiring preservation of trees

23   it did not require to be preserved in 2007, the City has significantly damaged PacTrust's ability to

24   use the 18.4 acres because the only allowed use cannot be developed and plaintiffs themselves

25   cannot develop an economically beneficial 240,000 sq. ft. community shopping center.

**COMPLAINT**

Page 17

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

55.     The City's actions in imposing the regulations alleged above is a taking of the 18.4 acres under the Fifth Amendment to the United States Constitution in that it leaves PacTrust's property with no economically beneficial use of that property.   Thus, the City has taken PacTrust's property without compensation.

56.     Pursuant to 42 USC §1988, PacTrust/M&T are entitled to recover their litigation costs and attorney fees incurred herein.

**COUNT IV (PacTrust and M&T)**

57.     PacTrust and M&T realleges and incorporates by reference paragraphs 1 through 56.

58.     PacTrust and M&T have a property right in the "Commercial Retail" zoned portion of the combined property separate from its property right in the vested development right.  The City's imposition of the new regulations in 2018, so limits the development potential of the PacTrust/M&T property that PacTrust/M&T cannot establish any economically beneficial use of that property.  By restricting the nature of the particular stores and requiring preservation of trees it did not require to be preserved in 2007, the City has significantly damaged plaintiffs' ability to develop or sell the "Commercial Retail" zoned property because the only allowed use cannot be developed and plaintiffs themselves cannot develop an economically beneficial 240,000 sq. ft. community shopping center.

59.     The City's actions in imposing the regulations alleged above is a taking of the "Commercial Retail" zoned property under the Fifth Amendment to the United States Constitution in that it leaves PacTrust/ M&Ts' property with no economically beneficial use.

60.     Pursuant to 42 USC § 1988, PacTrust and M&T are entitled to recover their litigation costs and attorney fees incurred herein.

**COMPLAINT**

Page 18

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1

2 **SECOND CLAIM FOR RELIEF**
3 **(Taking/inverse condemnation under U.S.C. 42 § 1983, Fifth and Fourteenth Amendment**
4 **to United States Constitution (*Penn Central*)**

5    61.    PacTrust and M&T reallege paragraphs 1 through 60 as though alleged in this

6 paragraph.

7    62.    PacTrust and M&T, its affiliate, acquired 28.4 acres of property with a reasonable

8 and distinct expectation of developing it into a coordinated and unified community shopping center

9 consisting of 299,000 square feet.  The City confirmed that PacTrust / M&T's distinct expectation

10 was indeed reasonable when it rendered the 2007 Decision.  In that decision, the City confirmed

11 that PacTrust could develop a community shopping center defined using the number of feet of

12 GLA (240,000) and not based upon the identity of particular stores in the shopping center.  The

13 City confirmed that the up to 240,000 square foot community shopping center could be developed

14 as part of a coordinated and unified development that included the 10 acres PacTrust acquired in

15 2007, a portion of which is owned by M&T.  The City confirmed that there were no significant

16 natural resources including trees on the site that had to be preserved and thus, that would severely

17 limit development of the site to something much less than the city required plaintiffs to mitigate

18 for.  The City exacted significant sums of money and land dedications from PacTrust that were

19 exclusively referable to it ultimately developing a retail shopping center composed of 299,000 sq.

20 ft.

21    63.    As alleged in paragraph 9, in 2007, to facilitate the coordinated and unified

22 community shopping center development approved in the 2007 Decision, PacTrust acquired the

23 10 acres adjacent to its 18.4-acre parcel.  As alleged in more detail above, in reliance on the 2007

24 Decision, PacTrust and M&T completed a property line adjustment and made substantial

25 expenditures in furtherance of that 2007 Decision and to develop the coordinated and unified

26 community shopping center that the City approved.

**COMPLAINT**

Page 19

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

64. In December 2018, the City imposed restrictions on PacTrust's right to develop the "Commercial Retail" zoned portion of the property in a manner that was wholly consistent with the 2007 Decision. As a result, PacTrust cannot develop a community shopping center on the 18.4 acres of its property for the only use that the City authorized in the 2007 Decision. Similarly, it is not economically beneficial for PacTrust to develop the remaining 3.4 acres zoned Commercial Retail on its property without the 18.4 acres being developed together with it, as contemplated by the 2007 Decision, because the 3.4 acres zoned Commercial Retail is also burdened by the City conditions of approval that mitigate for a shopping center composed of 299,000 GLA. Without a significant anchor retail store, PacTrust and M&T cannot develop the "Commercial Retail" zoned portions of the property with a 240,000 square foot community shopping center. As such, the City's restrictions preclude any economically beneficial development on the Commercial Retail zoned portions of the 28 acres that were to be developed as a coordinated and unified community shopping center.

65. The restrictions the City imposed in 2018 constitute a taking of PacTrust and M&T's property because they: (1) deprive PacTrust and M&T of their distinct investment backed expectations to develop all of the 28 acres they acquired as a Community Shopping Center of up to 299,000 sq. ft., (2) deprive PacTrust and M&T of the development that they reasonably anticipated they would be able to develop on the 28 acres - a coordinated and unified Community Shopping Center composed of 299,000 square feet -- given the City required PacTrust and M & T to mitigate for the impacts of a shopping center of 299,000 sq. ft. and the City has accepted significant sums of money and property from PacTrust and M & T in satisfaction of those conditions of approval, and (3) have so severe an economic impact on PacTrust that there is no reasonable possibility that it will receive the return on its investment that it distinctly and reasonably anticipated.

**COMPLAINT**

Page 20

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

66.     Pursuant to 42 USC § 1988, PacTrust and M&T are entitled to recover their litigation costs and attorney fees incurred herein.

**THIRD CLAIM FOR RELIEF**
**(Violation of 42 USC § 1983-14th Amendment Due Process)**

67.     Plaintiffs, PacTrust and M&T, reallege and incorporate by reference paragraphs 1 through 66 as though alleged in this paragraph.

68.     42 USC § 1983, provides in relevant part that every person who, under any statute, ordinance, regulation, custom, or usage, of any state subjects or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.

69.     The City is a person as that term is used in 42 USC § 1983.

70.     The City, acted arbitrarily and capriciously in the 2018 Decision by redefining what constitutes a community shopping center to exclude specific stores, and in applying a new interpretation of its tree code in order to deny PacTrust and M & T the rights they had under the 2007 Decision to develop their property with a community shopping center of up to 299,000 sq. ft., and to take from them significant sums of money and property for such 299,000 sq. ft. community shopping center, but then years later in the 2018 Decision preclude PacTrust/M&T from developing under its vested property right.  As such, the City deprived PacTrust/M&T of their right and privilege secured by the United States Constitution.

71.     The 2007 Decision contemplated a retail building wall would serve as buffer mitigation for residential areas abutting Boone Rd. SE and 27th Avenue SE.  The City acted arbitrarily and capriciously in the 2018 Decision by denying the community shopping center the 2007 Decision approved because PacTrust's site plan showed a retail building wall where the 2007 Decision contemplated it to be on Boone Rd SE and 27th Avenue SE, and even though the 2007 Decision contained Condition of Approval # 12, requiring PacTrust to "provide a brick wall with

**COMPLAINT**

Page 21

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1   a minimum height of six (6) feet along the interior line of the landscaped setback along Boone

2   Road SE and 27th Avenue SE, opposite residential uses".

3       72.    The City acted arbitrarily and capriciously by imposing a new requirement not

4   contemplated by the 2007 Decision, (viz.), that to provide the mitigation required by 2007 Decision

5   Condition 12 requiring a wall to mitigate impacts to the adjacent residential area, that PacTrust

6   must show it was "necessary to remove all of the significant trees" that were in the same area along

7   Boone Road SE where the 2007 Decision contemplated the wall be established.

8       73.    The City acted arbitrarily and capriciously in the 2018 Decision by denying site

9   review for the shopping center that the 2007 Decision approved, because PacTrust had not

10  explained how the brick wall that the City required PacTrust show on its site plan per the 2007

11  Decision's Condition 12 "provides greater visual and/or sound mitigation than a design alternative

12  which preserves existing significant trees."  Thus, in the 2018 Decision, the City arbitrarily and

13  capriciously required PacTrust to both comply with the 2007 Decision Condition 12 and also prove

14  that there was not some other alternative to Condition 12 that the City might like better.

15      74.    The City's actions as alleged above, were in violation of the concept of due process

16  and did not substantially advance an important governmental interest.  As a result of the City's

17  violation of 42 USC § 1983, PacTrust/M&T have suffered damages.

18      75.    Pursuant to 42 USC § 1988, PacTrust and M&T are entitled to recover their

19  litigation costs and attorney fees incurred herein.

20  **FOURTH CLAIM FOR RELIEF - IN THE ALTERNATIVE**
21  **(PacTrust and M&T)**
22  **(Equitable Restitution)**

23      76.    Plaintiffs, PacTrust and M&T, realleges and incorporates by reference paragraphs

24  1 through 75, as though alleged in this paragraph.

**COMPLAINT**

Page 22

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

77.     PacTrust accepted conditions of approval in the 2007 Decision based upon findings and conclusions that its proposed development was defined as a community shopping center irrespective of the identity of any particular store that may eventually occupy the project.  As of January 2015, PacTrust and M&T had no obligation to complete or pay for the major improvements widening Kuebler Blvd. based upon the 2007 Decision, the 2012 Decision and the 2013 Deferral Agreement.  Also, as of January 2015, the City continued to define a community shopping center based upon the number of square feet of GLA and not based upon the identity of any particular store.

78.     In January 2015, the City requested that PacTrust and M&T pay to the City $3,000,000 toward public improvements which, at that time, PacTrust and M&T were not required to pay.  The City's request was motivated by the fact that it would benefit if it could proceed with the improvements before PacTrust and M&T were required under to 2007 Decision to complete its portion of the improvements. Thus, by paying the $3,000,000 in January 2015, PacTrust and M&T bestowed a benefit on the City.

79.     The City was fully aware that by paying the $3,000,000 early, PacTrust and M&T were bestowing a benefit on the City.

80.     Under the circumstances it would be unjust to allow the City to retain the benefit of PacTrust and M&T's $3,000,000 payment.  The City was aware in January 2015, that, in 2007, it approved PacTrust's proposed development under a definition of community shopping center that used only the amount of GLA.  It defined a community shopping center as a center with less than 300,000 square feet of GLA.  The City expressly found that PacTrust's proposal was not a regional center.  The City never defined a community shopping center based upon the identity of any particular store that may occupy the project.  The City was also aware that, in January 2015, when it requested payment by PacTrust and M&T and when PacTrust and M&T paid it $3,000,000,

**COMPLAINT**

Page 23

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1    PacTrust and M&T were doing so in reliance upon the 2007 Decision that included the City's

2    express definition of a community shopping center. If the City had informed PacTrust and M&T

3    in January 2015, that it was going to change its definition of a community shopping center to one

4    that has only local retail businesses and then, impose that definition on PacTrust and M&T, they

5    would not have paid any of the $3,000,000 to the City. Unless PacTrust and M&T can develop

6    the Subject Property consistent with the 2007 Decision without limitations on the identity of any

7    particular stores, they cannot complete the development in a manner that justifies payment for the

8    public improvements. Had the City advised PacTrust and M&T that it was going to impose the

9    current regulations and definitions on the Subject Property, PacTrust and M&T would not have

10   developed the Salem Clinic medical building and separate medical/office building.

11         81.    In the event PacTrust and M&T do not obtain a declaration that they have a vested

12   right to complete the proposed development on the Subject Property as approved in the 2007

13   Decision, to avoid unjustly enriching the City, PacTrust and M&T are entitled to restitution from

14   the City in the amount of $3,000,000.

15         WHEREFORE, plaintiffs pray for judgment as follows:

16         On their First Claim for Relief:

17              A)    On County I, awarding PacTrust just compensation and damages in an

18   amount of approximately, and not less than $8,084,000;

19              B)    On Count II, awarding PacTrust and M&T just compensation and damages

20   in the amount not less than $9,978,000;

21              C)    On Count III, awarding PacTrust just compensation and damages in the

22   amount not less than $8,084,000;

23              D)    On Count IV, awarding PacTrust and M&T just compensation and damages

24   in the amount of $9,978,000.00;

**COMPLAINT**

Page 24

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com

1             E)      Awarding PacTrust and M&T  reasonable attorney fees; and

2             F)      Awarding PacTrust and M&T their costs and disbursements.

3      On their Second Claim for Relief,

4             A)      Awarding PacTrust and M&T just compensation and damages in the

5                     amount not less than $9,979,000;

6             B)      Awarding PacTrust and M&T reasonable attorney fees; and

7             C)      Awarding PacTrust and M&T their costs and disbursements.

8      On its Third Claim for Relief, a decree:

9             A)      Awarding PacTrust and M&T damages in the amount not less than

10  $9,979,000;

11           B)      Awarding PacTrust and M&T their costs and disbursements;

12           C)      Awarding PacTrust and M&T reasonable attorney fees; and

13           D)      Granting such other relief as this court may deem just and equitable.

14      On its Fourth Claim for Relief:

15           A)      Awarding PacTrust and M&T the sum of $3,000,000; and

16           B)      Awarding PacTrust and M&T their costs and disbursements.

             DATED this 14th day of August, 2019.

             HATHAWAY LARSON LLP

             By      s/ Christopher P. Koback
                     Christopher P. Koback, OSB #913408
                     *Of Attorneys for Plaintiffs*

**COMPLAINT**

Page 25

HATHAWAY LARSON LLP
1331 NW Lovejoy St., Ste. 950
Portland, OR 97209
Telephone:  503-303-3101
Facsimile: 503-205-8406
Email:  chris@hathawaylarson.com